**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LYLE RIKIO CUMMINGS,

      Defendant - Appellant.

No. 23-3016

D.C. No.
1:22-cr-00023-DKW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted June 3, 2025[**]
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Lyle Cummings appeals his convictions for attempted enticement of a minor

to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and possession with

intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and 841(b)(1)(C). Cummings was arrested after exchanging sexually explicit text messages with an undercover police officer posing as "Kiana," a 13-year-old girl. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.      Cummings argues that Officer John Surina's testimony violated Federal Rule of Evidence 704(b) when he directly opined about Cummings's mental state, an element of the enticement charge. Because Cummings did not object to Surina's testimony at trial, we review for plain error. *United States v. Campos*, 217 F.3d 707, 712 (9th Cir. 2000). Under plain-error review, Cummings must establish "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Sanders*, 421 F.3d 1044, 1050 (9th Cir. 2005) (cleaned up).

Surina's testimony plainly violated Rule 704(b) because he repeatedly and unequivocally testified that Cummings intended to entice Kiana to have sex. *See United States v. Gonzales*, 307 F.3d 906, 911 (9th Cir. 2002); *Diaz v. United States*, 602 U.S. 526, 534–35 (2024) (holding that testimony about whether the defendant themselves had a mental state that constitutes an element of the crime violates Rule 704(b)). But Cummings fails to prove that this error affects his substantial rights. The government introduced the text messages in which Cummings offered Kiana money, drugs, and other gifts, and described the sexual acts he wanted to perform on her, which provide strong evidence of Cummings's intent to entice her. *See United States v. Brand*, 467 F.3d 179, 203–04 (2d Cir. 2006), *abrogated in part by*,

*United States v. Cabrera*, 13 F.4th 140, 147 (2d Cir. 2021). Given this overwhelming evidence of his intent, Cummings fails to prove that Surina's testimony affected the outcome of his trial. Because the error did not prejudice Cummings, it does not affect his substantial rights, and his claim fails. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

2.      Cummings argues that his trial attorney provided ineffective assistance of counsel by failing to object to Surina's testimony about his state of mind. But there is no evidence in the record about whether the failure to object constitutes objectively deficient performance or was merely part of trial counsel's strategy. Thus, we decline to review Cummings's ineffective assistance of counsel claim on direct appeal because the record is insufficiently developed. *See United States v. Liu*, 731 F.3d 982, 995, 997 (9th Cir. 2013).

3.      "We review de novo a district court's decision to admit statements that may have been obtained in violation of *Miranda*." *United States v. Narvaez-Gomez*, 489 F.3d 970, 973 (9th Cir. 2007). We assume without deciding that Cummings clearly requested counsel during his post-arrest interview, and thus the admission of his subsequent statements violates *Miranda. See Smith v. Illinois*, 469 U.S. 91, 96–98 (1984); *Edwards v. Arizona*, 451 U.S. 477, 484 (1981). But any error in admitting these statements was harmless. *See United States v. Williams*, 435 F.3d 1148, 1162 (9th Cir. 2006) ("On direct review, . . . a constitutional error requires reversal of a

conviction unless the government proves beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." (quotation omitted)). Cummings's statements did not provide different information from the other evidence introduced at trial, including the text messages Cummings sent. Thus, the statements were merely cumulative evidence, and their admission was harmless.

4.      We review "de novo the sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecution and asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 980–81 (9th Cir. 2020) (cleaned up). To convict Cummings for enticement, the government had to prove "that he knowingly (1) attempted to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense." *United States v. Goetzke*, 494 F.3d 1231, 1234–35 (9th Cir. 2007). Viewing the text messages and other evidence in the light most favorable to the government, a rational juror could find that Cummings believed Kiana was a minor and attempted to entice her to engage in sexual activity. *See Brand*, 467 F.3d at 203; *United States v. Meek*, 366 F.3d 705, 720 (9th Cir. 2004). Thus, there is sufficient evidence to sustain Cummings's conviction on the enticement count.

5.      "We review de novo whether law enforcement agents exceeded the

4          23-3016

scope of a search warrant." *United States v. Hitchcock*, 286 F.3d 1064, 1071 (9th Cir. 2002), *as amended by*, 298 F.3d 1021 (9th Cir. 2002). The police did not exceed the scope of the warrant to search Cummings's vehicle when they opened a purse in the vehicle. The warrant allowed the officers to search the vehicle for Cummings's cell phone and articles of identification. "A warrant to search a vehicle [] support[s] a search of every part of the vehicle that might contain the object of the search," including containers within the vehicle. *United States v. Ross*, 456 U.S. 798, 821–22 (1982). Because it was reasonable for the officers to believe that the purse might contain articles of identification, they did not exceed the scope of the warrant by opening it.

**AFFIRMED.**